JOHN WOODMAN & another *vs.* CHARLES FRANCIS.

An action of tort, in the nature of trespass *quare clausum fregit*, can only be maintained by a person entitled to the present possession of the premises; and if there is evidence tending to show that the premises were in possession of a tenant at will, at the time of some of the acts complained of, the question of the plaintiff's possession should be submitted to the jury; and an instruction to the jury to find a verdict irrespective of the evidence to prove an occupation by the tenant is erroneous.

TORT for forcibly entering the plaintiffs' close in Newton, bounded easterly in part by an ancient stone wall, dividing the plaintiffs' close from the close of the defendant, and digging up the soil, carrying away the plaintiffs' wall, and erecting a barn and building a wall on the plaintiffs' land. These acts were set out in three counts, and were alleged to have been done in October 1862 and July 1863. The answer contained general denials.

The case was tried in the superior court before *Brigham*, J., and the bill of exceptions was as follows:

" The *locus* in which the alleged trespass was committed was a narrow strip of land in one corner of a close which the plaintiffs owned, if at all, in fee simple. There was evidence tending to show that, about eight years previous to March 1865, one Smith had been in occupation of a portion of the said close and the house thereon, within which portion the alleged strip of land was; that Smith quitted the premises occupied by him in March 1865, and that the premises were then vacant a short time, and since the fall of 1865 had been occupied by different persons that Smith paid rent in money, in carpenter and farm work that no time for payment of rent was agreed upon, and no exact sum was fixed upon by the parties, and no express agreement was made between them; that Smith had cultivated during his occupancy the close up to the boundary claimed by the plaintiffs; whether he thus cultivated in all the years of his occupancy was in dispute; that the plaintiffs had always ploughed the premises, and had sometimes cultivated portions thereof unoccupied by Smith, and taken the crops; that in 1865 the

portion of the premises near the disputed boundary had been mowed by the plaintiffs; in 1864 it had grown up to weeds, which the plaintiffs had cut down; in 1863 the plaintiffs had planted cabbages in that portion of the premises where the alleged trespass was committed, and had taken off the crop. There were fruit trees on the close between the house and the disputed boundary, which the plaintiffs testified they pruned, and of which they took the fruit. Smith testified that there was not much fruit on the trees, to his knowledge ; that he never paid money as rent, and never had any settlement with the plaintiffs. No notice to quit was given by either party when Smith left. Smith testified that after the first two years of his occupancy he did not cultivate much land. A portion of the close was woodland, with which Smith had nothing to do.

" The defendant contended, upon these facts, that the plaintiffs could not maintain the action upon their declaration. The judge declined to nonsuit the plaintiffs, and ruled, subject to the defendant's objection, that the plaintiffs had sufficient possession to maintain this action, and that the facts which appeared as to the occupation of the *locus* in question by Smith would not prevent the plaintiffs from maintaining their action under their declaration, and instructed the jury to find a verdict irrespective of the evidence relied upon by the defendant to prove an occupation of the close by the said Smith."

The jury returned a verdict for the plaintiffs, with one dollar damages ; and the defendant alleged exceptions.

*R. D. Smith,* for the defendant.

*T. P. Proctor & W. W. Warren,* for the plaintiffs.

HOAR, J. This action, in each of the three counts of the declaration, is tort for breaking and entering the plaintiffs' close. It is an action for a violation of the plaintiffs' possession. The wrongful acts done upon the land, though some of them were of such a character that they would give a cause of action to a reversioner, or owner of the estate not having the possession, are alleged merely in aggravation, and not in such a manner as to make them the foundation of the suit. *Knapp* v. *Slocomb,* 9 Gray, 73, 75. *Phelps* v. *Morse, Ib.* 207. *Hastings* v.

*Livermore*, 7 Gray, 194.   There is nothing in the bill of exceptions from which we can determine which of the acts charged in the declaration were proved, or for which of them the jury have assessed the damages.

Under these pleadings and in this state of facts, the ruling of the court in refusing to nonsuit the plaintiffs was right, because it does not appear that the action was not sustained.   But there was evidence sufficient for the consideration of the jury that, during a part of the time to which the plaintiffs' allegations might apply, the close described in the declaration was in the occupation of Smith as a tenant; that he was at least tenant at will, having the possession and paying rent.   If this were so at the time when the defendant broke and entered the close, the right of action was in Smith, and not in the plaintiffs.   But the court instructed the jury to find their verdict, "irrespective of the evidence relied upon by defendant to prove an occupation of the close by said Smith."   The ruling made no distinction as to the different times at which the entering the close was committed; and there is nothing to show that the jury have found the defendant guilty of anything but the tort of breaking and entering at a time when the plaintiffs were not in possession.

For this reason the exceptions must be sustained and a new trial granted; though we fear that the apparent error may be owing to an imperfect report of the facts which appeared in evidence when the ruling was made.   If the evidence showed only a mixed possession of the plaintiffs and Smith at the time when the defendant entered the close, as it certainly seems to have done at some of the time to which the declaration would apply, the ruling would have been right.

*Exceptions sustained.*